UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DARREN BREEDEN,

                Petitioner,                      MEMORANDUM
-against-                                             AND ORDER
                                                           10-CV-00954 (RJD)

WILLIAM LEE,

                Respondent.
-----------------------------------------------------------X

DEARIE, Chief Judge:

On March 1, 2010, *pro se* petitioner Darren Breeden filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1992 Queens County conviction. By Order dated March 25, 2010, the Court directed plaintiff to show cause why the petition should not be dismissed as time-barred. By timely affirmation and supporting documents, petitioner argues that his petition is timely because it was filed within a year of when an impediment to filing caused by state action was removed. However, petitioner's affirmation fails to demonstrate that the instant petition is timely. For the reasons set forth below, the petition is dismissed as time-barred.

**Background**

Petitioner challenges his June 12, 1992 conviction in the Supreme Court of the State of New York, Queens County for murder in the second degree. A sentence of twenty years to life imprisonment was imposed. See Petition at 1. Petitioner filed an appeal challenging the trial court's denial of his motion to withdraw his guilty plea to the Supreme Court of New York, Appellate Division, Second Department, which was denied on November 6, 1995. People v. Breeden, 633 N.Y.S.2d 352, 221 A.D.2d 352 (N.Y. App. Div. 1995). It does not appear that petitioner requested leave to file with the New York Court of Appeals. On April 9, 2009, he filed a motion for collateral relief pursuant to New York Criminal Procedure Law §§ 440.10 and 440.20 which was denied on

August 31, 2009. Petition at ¶ 12; Exhibit Ei. The Court of Appeals denied leave to appeal on January 25, 2010. Exhibit F.

Petitioner maintains that his petition is timely because the government's 1992 cooperation agreement was impossible to honor and unconstitutional, and that his trial counsel was ineffective for negotiating its terms. The agreement resolved pending charges for murder in three different New York counties, provided that his federal and state prosecutions would occur simultaneously and that, for safety considerations, the first twenty years of his state sentence for his New York convictions would run concurrently with his anticipated twenty year federal sentence and be served in a federal facility. Affirmation at 2-5; Exhibit A, Plea Proceedings June 12, 1992. In fact, the agreement was not honored because petitioner did not cooperate with the state authorities as required by the terms of the agreement. Affirmation at 5; Exhibit "Sentencing Minutes" September 30, 1992. Petitioner now argues that his trial counsel was ineffective because he should have known that the federal authorities would not honor the agreement. This ineffectiveness, he argues, is both a basis for the application of 28 U.S.C. § 2244(d)(1)(B) and for equitable tolling of the AEDPA.

## Discussion

### I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

2

> State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

II. Application of AEDPA

The Court rejects petitioner's contention that his petition, filed in 2010, was timely under the AEDPA.

A. Time-barred under 28 U.S.C. § 2244(d)(1)(A)

Clearly, under the most-commonly applied section of the AEDPA statute of limitation, 28 U.S.C. § 2244(d)(1)(A), which provides a one-year deadline from the date the defendant's conviction became final, through "the conclusion of direct review or the expiration of the time for seeking such review," the petition is time-barred. The AEDPA became effective on April 24, 1996; defendants like petitioner whose convictions had become final prior to that date had a one-year grace period, until April 24, 1997, to file their petitions. Ross v. Artuz, 150 F.3d 97. 98 (2d Cir. 1998). The instant petition dated March 1, 2010 was filed twelve years, five months and ten days after the grace period expired and is thus untimely under this section.

B. Time-barred under 28 U.S.C. § 2244(d)(1)(B)[1]

Section 2244(d)(1)(B) provides that a habeas petition by a state prisoner will be considered timely if it is filed within one year of the "date on which [an] impediment to filing an application created by State action in violation of the Constitution ... [was] removed, if the applicant was prevented from filing by such State action." Crawford v. Costello, 27 Fed. Appx. 57 (2d Cir. 2001). The existence of an unconstitutional impediment to filing a claim is similar to "official interference." Acosta v. Artuz, 221 F.3d 117 (2d Cir 2000).

"The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with [an] inmate's ability to prepare and to file habeas petitions by denying access to legal materials." Brockington v. Marshal, No. 07-CV-0286(S), 2008 WL 203023, at *3 (W.D.N.Y. Jan. 22, 2008) vacated and remanded other grounds, Brockington v. Marshal 08-0839-PR, 2010 WL 1740817, at *2 (2d Cir. May 03, 2010) (citing Shannon v. Newland, 410 F.3d 1083 (9th Cir. 2005 and Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003)). "A plurality of the Supreme Court has also commented that this provision may apply if a "state court ... refuse[d] to rule on a constitutional claim that ha[d] been properly presented to it." Id. (citing Lackawana County Dist. Attorney v. Coss, 532 U.S. 394, 405 (2001).

Petitioner argues that his habeas petition is timely because 28 U.S.C. § 2244(d)(1)(B) applies to his petition. Affirmation at 1, 10-11 ("Here Breeden argues that unconstitutional state-created impediments of ineffective assistance of counsel prevented him from filing a timely habeas petition."). Petitioner is mistaken. While the cooperation agreement may have been created by the State action of the prosecutor's office, it was not an impediment to filing this habeas petition since he knew about it

---

[1] Petitioner presents no argument for the application of either 28 U.S.C. § 2244(d)(1)(C) or 28 U.S.C. § 2244(d)(1)(D).

4

before his conviction, nor did it prevent him from filing on time. The application of 2244(d)(1)(B) is unwarranted "because [petitioner] has failed to demonstrate a causal relationship between the alleged circumstances and the lateness of his filing" Watson v. Smith , 268 Fed. Appx. 86 (2d Cir. 2008). Petitioner's assertion that the agreement was handled improperly in 1992 and that he spent time years later searching for information to support his theory that his plea agreement should have been honored, even construed as broadly as possible, does not fit within § 2244(d)(1)(B). Having carefully reviewed all of petitioner's submissions, the Court finds that petitioner is not entitled to the application of § 2244(d)(1)(B)'s alternate triggering date.

C. Statutory Tolling

Although the AEDPA allows for tolling during the pendency of postconviction or collateral review, see 28 U.S.C. § 2244(d)(2), that provision does not make the instant petition timely. The tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) *(per curiam)*. Here, the one-year limitations period had expired long before petitioner filed a §§ 440.10 and 440.20 motion in 2009, Petitioner's Affirmation at 9, and so the filing of this post-conviction motion does not toll the statute of limitations period.

D. Equitable Tolling

Finally, to the extent that petitioner may be arguing for equitable tolling based on the alleged ineffectiveness of his trial counsel, there is nothing extraordinary about his case. He has not demonstrated "rare and exceptional" or "extraordinary circumstances" that "prevented him from filing his petition on time," Smith v. McGinnis, 208 F. 3d at 17, and is not entitled to equitable tolling. In fact, the ineffectiveness of counsel he alleges occurred in 1992 and petitioner was well

5

aware of the terms and the shelving of the cooperation agreement in 1992. It does not provide a basis for equitable tolling of the AEDPA statute of limitations.

**Conclusion**

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. Petitioner's motion for discovery is denied as moot. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

                                            s/ Judge Raymond J. Dearie

                                            Raymond J. Dearie
                                            United States District Judge

Dated: Brooklyn, New York
       May 7, 2010